**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASEE DIVISION**

**LARRY BARBER,**

       **Petitioner,**

**v.**                                  **Case No.  4:18cv123-WS/CAS**

**JULIE L. JONES, Secretary,
Department of Corrections,**

       **Respondent.**
_____/

**AMENDED REPORT AND RECOMMENDATION
TO DISMISS § 2254 PETITION**

On February 22, 2018, Petitioner, Larry Barber, a prisoner in the custody of the Florida Department of Corrections, proceeding pro se under the mailbox rule, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  Respondent filed a response and pertinent portions of the record on November 1, 2018, asserting, *inter alia*, the untimeliness of the petition and asking the Court to dismiss the petition.  ECF No. 13.  Petitioner filed a reply with attachments by the mailbox rule on November 29, 2018.  ECF No. 15.  On January 15, 2019, Petitioner filed a "Supplement Reply to Response."   ECF No. 17.  Although leave was not granted to file a further reply, the supplement reply has been considered

and does not alter the findings and conclusions reached in this Report and Recommendation.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration of all the issues raised, the undersigned has determined that no evidentiary hearing is required for disposition of this case. *See* Rule 8(a), R. Gov. § 2254 Cases in U.S. Dist. Cts. As explained below, based on the pleadings and record before the Court, the undersigned has determined that the petition should be dismissed.

## **Procedural History**

Petitioner was arrested in 1981 for the offenses of armed robbery and sexual battery on a report that he participated in an armed robbery of a restaurant and stood guard while a co-perpetrator raped a waitress. App. D.[1] He was charged only with the armed robbery and, after jury trial, was convicted of robbery with a firearm. App. F. He was sentenced to life in prison with a minimum mandatory term of three years. App. G. He appealed his conviction and sentence to the state Third District Court of

---

[1] Hereinafter, citations to the state court record, "App. –," refer to Appendices A through MMM submitted in conjunction with Respondent's response. *See* ECF No. 13.

Appeal, which affirmed in a written opinion on October 11, 1983.  *See*

Barber v. State, 438 So. 2d 976 (Fla. 3d DCA 1983).  App. H.  The single

issue in the appeal was whether an unexplained ten-month delay between

the offense and the arrest was so prejudicial that dismissal was required.

*Id.* at 977.  Review was denied in the Florida Supreme Court on March 1,

1984.  Barber v. State, 447 So. 2d 885 (Fla. 1984) (table).

On November 20, 1984, Petitioner filed a § 2254 petition in the United

States District Court for the Southern District of Florida, Case No. 84-2764-

CIV-Atkins, attacking the conviction and sentence in this instant case.  The

petition was dismissed with prejudice on January 2, 1985, for failure to

state a claim on which relief could be granted.  *See* No. 84-2764-CIV-

Atkins, at DE 8; *see also* reference, App. T at 2.

On February 5, 1986, Petitioner filed a motion for post-conviction

relief pursuant to Florida Rule of Criminal Procedure 3.850.  App. I.  The

motion was denied, App. J.  A second Rule 3.850 motion was filed on

December 11, 1986, which was denied on January 29, 1987.  App. L, M.

On March 10, 1987, the state Third District Court of Appeal affirmed.  *See*

Barber v. State, 504 So. 2d 770 (Fla. 3d DCA 1987) (table).  App. N.

On December 2, 1987, Petitioner filed a motion challenging the

legality of the sentence pursuant to Florida Rule of Criminal Procedure

3.800(a).  App. O.  The motion was denied on February 19, 1988, App. P, and denial was affirmed on appeal on April 12, 1988.  *See* Barber v. State, 523 So. 2d 1144 (Fla. 3d DCA 1988) (table).  App. Q.

On September 20, 1989, Petitioner filed another Rule 3.850 motion, App. R, which was denied on December 1, 1989.  App. S.  On April 17, 1992, Petitioner filed a petition for writ of habeas corpus in the Florida Supreme Court alleging ineffective assistance of trial counsel.  App. T.  The petition was denied by order on May 26, 1992.  App. U.

On August 25, 1993, Petitioner filed a motion to correct illegal sentence, App. V, challenging the mandatory minimum three-year portion of his sentence, which was denied on October 5, 1993.  App. A at 72.  On April 15, 1994, Petitioner filed a petition in the Third District Court of Appeal seeking a belated appeal alleging that appellate counsel failed to raise claims concerning jury instructions.  App. W.  The petition was denied on November 30, 1994.  App. X.

Between July 12, 1994, and June 22, 2005, Petitioner filed a fifth motion for post-conviction relief; an oral motion for post-conviction relief; two separate petitions for writ of habeas corpus in the appellate court; a petition for habeas corpus in the Florida Supreme Court that was transferred to the state circuit court; a petition to invoke all writs jurisdiction

in the state Supreme Court; a motion to correct sentence; a motion for post-conviction relief; and a verbal in-court motion to seal or expunge his criminal arrest record.  Apps. Z, A at 70, CC, EE, GG, HH, II, JJ, LL; *see* App. PP at 4, ECF No. 13-6 at 69.  All the motions and subsequent appeals were denied.

Petitioner was released on parole on May 16, 2006, App. RR, and returned to prison on June 4, 2007, after his parole was revoked.  App. RR, SS.  On December 29, 2007, Petitioner filed another petition for writ of habeas corpus in the Third District Court of Appeal, App. TT, which was denied on March 12, 2008.  App. UU.  On October 8, 2008, the Third District Court of Appeal issued an opinion prohibiting Petitioner from filing pro se pleadings in that court.  App. VV.  *See* Barber v. State, 994 So. 2d 376 (Fla. 3d DCA 2008).  The court noted that as of that date, "[t]his petition for writ of certiorari is Barber's twentieth petition or motion for postconviction relief to reach this Court stemming from lower tribunal number 81-24230."[2]  *Id.* at 377.

---

[2] The court cited: "Barber v. State, 985 So. 2d 542 (Fla. 3d DCA 2008) (table); Barber v. State, 985 So. 2d 542 (Fla. 3d DCA 2008) (table); Barber v. State, 979 So. 2d 1029 (Fla. 3d DCA 2008) (table); Barber v. State, 963 So.2d 240 (Fla. 3d DCA 2007) (table); Barber v. State, 936 So. 2d 577 (Fla. 3d DCA 2006) (table); Barber v. State, 926 So. 2d 1286 (Fla. 3d DCA 2006) (table); Barber v. State, 838 So. 2d 1162 (Fla. 3d DCA 2002) (table); Barber v. State, 801 So. 2d 938 (Fla. 3d DCA 2001) (table); Barber v. Moore, 748 So. 2d 278 (Fla. 3d DCA 1999) (table); Barber v. State, 717 So. 2d 1021 (Fla. 3d DCA 1998) (table); Barber v. State, 668 So. 2d 618 (Fla. 3d DCA 1996) (table);

On July 16, 2013, Petitioner filed a petition for writ of habeas corpus in the Florida Supreme Court, App. WW, which was denied on December 30, 2013.  App. XX.  On August 23, 2013, Petitioner filed a motion to define and clarify sentence, App. YY, in the circuit court, which was denied on September 25, 2013.  App. ZZ.  The order was affirmed on December 17, 2014 by the Third District Court of Appeal.  App. AAA.

On August 19, 2015, a petition for writ of habeas corpus filed by Petitioner was transferred from the Florida Supreme Court to the Third District Court of Appeal, which denied the petition on August 26, 2015.  App. BBB, CCC, DDD.

Petitioner filed another petition for writ of habeas corpus in the Florida Supreme Court on September 18, 2015, which was denied on November 16, 2015.  App. EEE, FFF.  On December 15, 2015, Petitioner filed another petition for writ of habeas corpus in the Florida Supreme Court, which was denied as successive on February 8, 2016.  App. HHH.  Petitioner's March 24, 2016, motion to seal or expunge his criminal record was denied on June 16, 2016.  App. A at 15, 13.

---

see also Case Nos. 3D08–1275; 3D98–3184; 3D98–184; 3D95–2888; 3D94–1053; 3D92–1424; 3D90–163; 3D89–2622; and 3D88–781."  Barber, 994 So. 2d at 377 n1.

Pertinent to this § 2254 petition, on August 4, 2016, Petitioner filed a petition for writ of mandamus in the Circuit Court of the Second Judicial Circuit asking the court to require the Department of Corrections (DOC) to issue a certificate of eligibility to the Florida Department of Law Enforcement to expunge Petitioner's arrest (but not conviction) for sexual battery.  App. III.  He argued that the reference to a sexual battery arrest in his records caused him to be subjected to a higher custody level in prison. He argued that without that reference, he would qualify for community and minimum custody.[3]  The petition for writ of mandamus was filed after Petitioner was informed by the DOC that his custody level was "medium" due to criminal history, which included an arrest for sexual battery arising from the robbery incident in which Petitioner was reported to have been an accomplice to rape.[4]  *See* App. III, ex. E.

The Department of Corrections filed a response, App. JJJ, and the petition for writ of mandamus was denied by the circuit court on March 3, 2017.  App. KKK.  The court cited section 944.09(1)(k), Florida Statutes,

---

[3] See Fla. Admin. Code R. 33-601.210 listing five custody classifications: community, minimum, medium, close, or maximum.  The rule provides in pertinent part: "Information from all available sources shall be used to complete an automated custody classification questionnaire. The questionnaire shall reflect the degree of supervision appropriate for the inmate."  R. 33-601.210(1)(b).

[4] Petitioner was not formally charged with being an accomplice to rape committed by his co-perpetrator during the robbery and was not convicted of rape.

which provides the DOC with authority to adopt rules relating to classification of inmates based on age, sex, and "such other factors as are deemed advisable." App. KKK at 2. The court's order found that the Department of Corrections was authorized to consider his arrest record, including information pertaining to charges that were dropped, in determining his custody level, thus Petitioner could not establish a clear legal right to the relief he requested. App. KKK at 3. Review of the order was sought by petition for certiorari in the First District Court of Appeal, App. LLL, which was denied on December 19, 2017. App. MMM.

On February 22, 2018, Petitioner filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court alleging the following grounds for relief:

> (1) The state circuit court's denial of Petitioner's petition for writ of mandamus concerning his Department of Corrections' classification pursuant to Section 944.09(1)(k), Florida Statutes, violated his rights of Due Process and Equal Protection;
>
> (2) The state appellate court's denial of a writ of certiorari to review the denial of mandamus departed from the essential requirements of law without notice and opportunity to be heard; and
>
> (3) The state courts' improper denial of the petition for writ of mandamus and petition for writ of certiorari improperly failed to vacate the lien imposed on Petitioner's trust account.

ECF No. 1 at 5-9.

## ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one-year limitations period for filing a § 2254 petition.  28 U.S.C. § 2244(d)(1).  The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  *Id.*  The time frame may commence later based on: the date on which an unconstitutional impediment preventing the applicant from filing is removed; the date on which the constitutional right asserted was recognized by the U.S. Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered with due diligence.  28 U.S.C. § 2244(d)(1)(B)-(D).  The period is tolled for the time during which a properly filed application or other collateral review with respect to the pertinent judgment or claim is pending.  28 U.S.C. § 2244(d)(2).

The time may also be equitably tolled in rare cases, but "only if petitioner establishes both extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004). "Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to

prevent an otherwise diligent petitioner from timely filing his petition."

Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001).

The burden of establishing entitlement to this extraordinary remedy plainly

rests squarely with the petitioner.  San Martin v. McNeil, 633 F.3d 1257,

1269 (11th Cir. 2011).

To demonstrate entitlement to equitable tolling, a petitioner must

show: "(1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstance stood in his way' and prevented timely filing."

Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v.

DiGuglielmo, 544 U.S. 408, 418 (2005)).  It is "an extraordinary remedy

which is typically applied sparingly."  Arthur v. Allen, 452 F.3d 1234, 1252

(11th Cir. 2006); Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000).

"[T]he threshold necessary to trigger equitable tolling [under AEDPA] is

very high, lest the exceptions swallow the rule."  Miranda v. Castro, 292

F.3d 1063, 1066 (9th Cir. 2002) (quoting United States v. Marcello, 212

F.3d 1005, 1010 (7th Cir. 2000).

Respondent contends that the § 2254 petition should be dismissed as

untimely.  ECF No. 13 at 9-12.  Respondent further argues that regardless

of any time bar, the petition should be dismissed because the claims raised

in the petition are not cognizable in a federal habeas proceeding.  *Id.* at 13-

17.  Respondent also notes that Petitioner has filed multiple federal petitions attacking his state conviction in this instant case.[5]  *Id.* at 8-9.

**<u>Timeliness</u>**

Petitioner's conviction and sentence was affirmed on appeal on October 11, 1983.  It became final upon expiration of the time for seeking certiorari review in the United States Supreme Court.  Thus, the conviction and sentence because final on January 9, 1984.  He filed a § 2254 petition in the federal court for the Southern District of Florida on November 20, 1984, which was dismissed with prejudice on January 2, 1985.  Even if it could be said that Petitioner's many post-conviction motions, habeas petitions, and motions to correct sentence tolled the time for filing a petition challenging his conviction and sentence, the record shows that more than 365 days ran untolled just between the denial of his petition for habeas

---

[5] Respondent cites: (1) Barber v. State, 84-2764-Civ-Atkins, §2254, Attack on Dade Case No. 81-24230.  Dismissed with prejudice 1/2/85; (2) Barber v. Dugger, 88-0861-Civ-Spellman, § 2254, Attack on Dade Case No. 81-24230, Dismissed Rule 9(b) 3/2/89; (3) Barber v. Farcus, et al., 90-0465-Civ-King, § 2254, Attack on Dade Case No. 81-24230, Dismissed Rule 9(b) 10/11/90, Affirmed 11 Cir. No. 90-5895, 3/20/92; (4) Barber v. Singletary, 96-2837-Civ-Lenard, § 2254, Attack on Dade Case No. 81-24230, Dismissed as successive, 4/18/97; (5) Barber v. Landress, 99-0144-Civ-Highsmith, §2254, Attack on Dade Case No. 81-24230, Dismissed as successive 2/18/99; (6) Barber v. Dep't of Corr. 13-20015-Civ-Moreno, § 2254, Attack on Dade Case No. 81-24230, Dismissed for failure to obtain authorization pursuant to § 2244(b)(3) 1/29/13.  *See* ECF No. 13 at 8-9.

corpus in the Florida Supreme Court on May 26, 1992, and the filing of a motion to correct sentence on August 25, 1993.  *See* Apps. U, V.

Petitioner has not alleged or demonstrated that he proceeded with due diligence or that any extraordinary circumstances beyond his control prevented him from a timely filing of a petition challenging his conviction or sentence.[6]  *See* <u>Helton</u>, 259 F.3d at 1314-15.  The petition should be denied as untimely.

## <u>Cognizability</u>

Respondent also contends that regardless of the untimely nature of the petition, it should be dismissed because the claims raised are not cognizable in a federal habeas proceeding because Petitioner is challenging only the conditions of his confinement and not the legality of his conviction or sentence.  "The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  <u>Swarthout v. Cooke</u>, 562 U.S. 216, 219

---

[6] Even if his current claims were cognizable in a federal habeas proceeding, Petitioner has not demonstrated he proceeded with due diligence after the factual predicate for his claims was known by Petitioner in 2005 when he made a verbal in-court motion to expunge his criminal record and appealed from denial of that motion. *See* App. PP at 4; ECF No. 13-6 at 69.  Petitioner has not demonstrated that any filings he made after that date tolled the time for filing a § 2254 petition regarding those claims.

(2011) (internal quotations and citations omitted).  Habeas relief does not lie for errors of state law.  Estelle v. McGuire, 502 U.S. 62, 67 (1991).

There are "two broad categories of prisoner petitions: (1) those challenging the fact or duration of confinement itself; and (2) those challenging the conditions of confinement."  McCarthy v. Bronson, 500 U.S. 136, 140 (1991) (citing Preiser v. Rodriguez, 411 U.S. 475, 499 (1973)).  Habeas corpus is the exclusive remedy for a prisoner who challenges "the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim my come within the literal terms of § 1983."  Heck v. Humphrey, 512 U.S. 477, 481 (1994).

Petitioner contends in his petition that the state courts erred in failing to require expungement of his state criminal records that would allow his custody classification to be changed from "medium" to a lower level of supervision.  Petitioner's complaint is one challenging prison conditions under 42 U.S.C. § 1983 and the administrative resolution of his claims in regard to those conditions.[7]  In a similar case, which this Court dismissed without prejudice, Whitlow v. Jones, No. 3:17cv423-LC-GRJ, 2017 WL 3186648 (N.D. Fla. July 13, 2017), *Report and Recommendation adopted*

---

[7] Petitioner's attempts to characterize his state proceeding as a "collateral proceeding" to his criminal conviction, as he contends in his Reply and Supplement Reply, are unavailing to alter the true nature of his complaint.

by Whitlow v. Sec'y, Fla. Dep't of Corr., 2017 WL 3174937 (N.D. Fla. Jul. 26, 2017), the Petitioner filed a § 2254 petition in this Court raising claims that challenged his classification as "close management." This Court concluded that the claim was not cognizable in a federal habeas proceeding because his custody classification did not amount to a condition that essentially exceeded his sentence. The petition in that case did not challenge the fact or duration of his imprisonment. *Id.* at *1. Similarly, because Petitioner's classification as "medium" custody does not challenge the fact or duration of his imprisonment, the petition in the instant case should be dismissed without prejudice. If Petitioner desires to litigate the issues raised in his § 2254 petition, he must do so by initiating a § 1983 civil rights complaint and meeting all the requirements for such filing.

## **Successive**

Even if Petitioner were presenting cognizable claims, the petition is subject to dismissal as successive and filed without permission. Federal courts are courts of limited jurisdiction, and may only hear cases where authorized by the Constitution and by statute. *See* Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Title 28 U.S.C. § 2244 provides, in relevant part:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the

detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.**

28 U.S.C. § 2244 (emphasis added); *see also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts (2015) ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).").  A

district court lacks jurisdiction to hear a second or successive § 2254

petition absent authorization from a Court of Appeals.  28 U.S.C.

§ 2244(b)(3)(A); <u>Burton v. Stewart</u>, 549 U.S. 147, 152, 157 (2007) (holding

that the district court lacked jurisdiction to entertain second habeas petition

because the prisoner failed to obtain an order from court of appeals

authorizing him to file it); <u>Fugate v. Dep't of Corr.</u>, 301 F.3d 1287, 1288

(11th Cir. 2002) (same).  Petitioner does not indicate that he has obtained

permission from the Eleventh Circuit Court of Appeals to file a successive

petition and it should be dismissed on that basis as well.

## <u>Conclusion</u>

Based on the foregoing, Petitioner's § 2254 petition is untimely under

§ 2244(d)(1), successive, and fails to state any claims cognizable in a

§ 2254 petition for habeas corpus.  Further, because no showing has been

made, and none appears in the record, equitable tolling cannot apply in this

case to excuse the untimely filing of the § 2254 petition in this Court.

Accordingly, the § 2254 petition (ECF No. 1) should be dismissed without

prejudice to Petitioner bringing any cognizable claims under the proper

authority and in accordance with all applicable requirements.[8]

---

[8] Petitioner is reminded that after screening for the "three strikes" rule upon the
filing of a new civil rights case, he may be required to pay the entire filing fee.  *See* 28
U.S.C. § 1915(g).

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to whether a certificate should issue by objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is

filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DISMISS** the § 2254 petition (ECF No. 1) **without prejudice** to Petitioner filing any cognizable claims under the proper authority and in accordance with all applicable requirements. It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on January 16, 2019.

s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.**